ROBERTSON, Presiding Judge
(dissenting).
I respectfully dissent from the affirmance of the trial court’s judgment denying Shiland a new trial. I would reverse, because it appears to me that the trial was flawed by a prejudicial question asked Shiland regarding his religious practice in order to establish the fact that Shiland is Jewish. Questions of this nature serve no purpose other than to attempt to create bias or prejudice. An immediate objection would only accentuate the point. A motion for a new trial should be the proper method to address such an issue, and a new trial should be the peril risked by asking such a question.
I find it “ironic” that Yancey’s brief, while addressing Batson, partially expounds the very principle that should decide this issue. I believe that principle to be that courts should look beyond the express words of an attorney so as to prevent disguise of the true intent of the question.
If this “temple” question is fair for the defendant to ask, then a plaintiff would be able to ask the same question of a Jewish defendant. The award of damages for or against either party, whether compensatory or punitive, should not be influenced by bias or prejudice.